UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AMINA JOHNSON, | Case No. 2:24-cv-02033-APG-EJY |
| Plaintiff, | |
| v. | **ORDER**<br>**AND**<br>**REPORT AND RECOMMENDATION** |
| GENERAL DYNAMICS INFORMATION TECHNOLOGY, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion to Amend Complaint. ECF No. 42. The Court considered the Motion, the Opposition, and Reply.

**I.    Introduction**

Plaintiff argues Defendant agreed to allow her to amend her Complaint because she filed her Motion to Amend before the deadline to do so. However, the scheduling order does not establish agreement by Defendant that Plaintiff may amend; rather, it establishes the date by which amendment may be sought. Plaintiff's request to amend was timely filed. Defendant offers no argument that the instant motion should be denied on the basis of timeliness. Thus, the Court considered Plaintiff's effort to add General Dynamics Information Technology's parent entity, General Dynamics Corporation ("GDC"), as a defendant to her discrimination and retaliation claims. The Court also considered Plaintiff's effort to state a negligence claim against GDC. The Court finds Plaintiff's proposed amended complaint futile with respect to her discrimination and retaliation claims, but not futile with respect to negligence.

**II.    Discussion**

A.    The Amendment Standard.

Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course" either "before being served with a responsive pleading" or "within 21 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." If Rule 15(a)(1) does not apply, the party seeking to amend must obtain the opposing

party's written consent or the court's leave to file an amended pleading.  Fed. R. Civ. P. 15(a)(2).

Well settled law establishes that a motion to amend a pleading under Rule 15(a)(2) "should freely

give leave when justice so requires."  If the party seeks the court's permission to file an amended

pleading, "leave to amend lies within the sound discretion of the [district] court."  *DCD Programs,*

*Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (internal citation omitted).  "This policy is 'to

be applied with extreme liberality.'"  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051

(9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.

2001)).

When considering whether to grant or deny a motion seeking leave to amend a complaint,

the Court may consider whether there is: (1) bad faith; (2) undue delay; (3) prejudice to the opposing

party; (4) futility in the amendment; and (5) whether plaintiff has previously amended her complaint.

*Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  Here, the issue is whether Plaintiff's

proposed amendment is futile.  To deny a request to amend based on futility requires the Court to

find there is no set of facts that can be proved under the amendment that would state a valid claim.

*EBET, Inc. v. Aspire Global International Limited*, Case No. 2:23-cv-01830-GMN-DJA, 2024 WL

2059335, at \*1 (D. Nev. May 8, 2024) (internal citation omitted).

B.    Failure to Exhaust Administrative Remedies Renders Plaintiff's Discrimination and Retaliation Claims Against GDC Futile.

While Plaintiff does not attach her Charge of Discrimination to her proposed amended

complaint, Defendant provides a copy of this document as an exhibit to its Response.  ECF No. 43-

2.  The Charge of Discrimination identifies the Respondent as "GDIT - General Dynamics

Information Technology."  *Id.*  A plaintiff's failure to name a party in an EEOC charge generally

prevents the claim from proceeding against that unnamed party because the unnamed party would

not have had an opportunity to respond to the charges before the EEOC.  *Ranza v. Nike, Inc.*, 793

F.3d 1059, 1076 (9th Cir. 2015).  Here, there is no mention of GDC in Plaintiff's Charge of

Discrimination. ECF No. 43-2. Even a broad reading of the Charge confirms nothing would suggest

that any entity other than GDIT was allegedly responsible for the conduct about which Plaintiff

complained.  *Id*.  The allegations in Plaintiff's proposed amended complaint show that the address

1    identified at which GDIT would have been sent a copy of the Charge is different than the address at

2    which GDC operates.  *Compare id*. *and* ECF No. 42 at 4 ¶ 2.  Nothing before the Court suggests

3    GDC ever received let alone had an opportunity to respond to the Charge.

4         Further, well settled law establishes "evidence of a parent-subsidiary relationship is

5    insufficient to impute liability to the parent corporation" under the laws enforced by the EEOC such

6    as the Americans with Disabilities Act.  *Murray v. Mayo Clinic*, 784 Fed.Appx. 995, 998 (9th Cir.

7    2019) (citing *United States v. Bestfoods*, 524 U.S. 51, 69 (1998)).  When an EEOC charge is filed

8    against only one entity—the subsidiary—the complaining party has not exhausted her administrative

9    remedies against the parent.  *Id*.

10        Based on the foregoing, the Court finds Plaintiff failed to exhaust her claims of

11   discrimination and retaliation against GDC and, therefore, granting leave to amend to state these

12   claims would be futile.

13        C.    Plaintiff's Negligence Claim is Not Futile.

14        Plaintiff seeks to state a claim of negligence against GDC; however, other than the title of

15   the claim, Plaintiff states no facts under this cause of action.  ECF No 42 at 14.  Moreover, what

16   allegations the Court found in the proposed amended complaint all relate to Plaintiff's discrimination

17   and retaliation claims, which she did not exhaust.[1]  In the absence of any allegations supporting a

18   cause of action sounding in negligence—other than a restatement of unexhausted discrimination and

19   retaliation claim—the Court finds Plaintiff has not stated a viable negligence claim.  *See Antone v.*

20   *Wells Fargo Financial National Bank*, Case NO. 3:18-cv-00236-LRH-WCG, 2018 WL 11471768,

21   at *4 (D. Nev. Nov. 29, 2018) (internal citation omitted).  Nonetheless, the Court finds a claim of

---

22   [1]    Plaintiff alleges, in relevant part: (1) "the parent company took adverse action based on Johnson's race and
23   disability"; (2) "she understood the parent company had knowledge of the open investigation into the discriminatory
     behavior of the white team member"; (3) "the parent company should have enforced the discrimination and retaliation
24   policy at GDIT and provided a safe environment for Johnson"; (4) "Johnson contends that the parent company had
     knowledge that Johnson was engaged in protected activities and did nothing to prevent their wholly owned company
25   from retaliating against her"; (5) "Johnson reached out to anyone in General Dynamics who would put an end to her
     white project manager['s] constant harassment"; (6) Johnson contends that the parent company 'willfully chose' to cover
26   up the discriminatory behavior of the white employees and victimize Johnson, a Black woman"; (7) Johnson contends
     the parent company failed to protect her, a Black woman, and intentionally chose with malice to cover up the white
27   employees' discriminatory violation"; (8) "Johnson contends the parent company failed to deter other Black women
     from coming forward and intentionally chose with malice to cover up the white employees' actions;" (9) "Johnson
28   contends that the parent company's failure to protect her implicitly encouraged the white employee's actions."  ECF No.
     43-2 at 5 and ¶¶ 7, 21, 27, 33, 36, 45, 46, 47.

negligence against GDC is not necessarily futile. Plaintiff must take note, however, that even assuming she can state a negligence claim against GDC, she must also assert a basis for the federal court to exercise jurisdiction over such claims.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend (ECF No. 42) is DENIED without prejudice and with limited leave to amend.

IT IS FURTHER ORDERED that Plaintiff is granted leave to file a second motion to amend her operative Complaint, together with a renewed proposed amended complaint, for purposes of attempting to state a tort claim, such as negligence, against General Dynamics Corporation over which the Court may exercise jurisdiction.  That is, if Plaintiff chooses to do so, a second motion to amend, together with a renewed proposed amended complaint, **must** include (1) all claims, and the factual basis in support of all claims, she wishes to assert against General Dynamics Information Technology, (2) all claims she seeks to assert against General Dynamics Corporation, and (3) the basis for the Court's exercise of jurisdiction over any claim asserted against General Dynamics Corporation.

IT IS FURTHER ORDERED that if Plaintiff chooses to proceed with a second attempt to amend her operative Complaint, rather than proceed on claims currently stated against General Dynamics Information Technology, then the renewed motion to amend and the proposed amended complaint **must** be filed no later than **April 4, 2025**.  If no renewed motion to amend and proposed amended complaint is filed by April 4, 2025, this case will proceed against General Dynamics Information Technology based on the current operative complaint.

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Amend (ECF No. 42) be DENIED WITH PREJUDICE to the extent Plaintiff seeks to assert discrimination or retaliation claims against General Dynamics Corporation because she failed to exhaust administrative remedies.

Dated this 14th day of March, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).