UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Amina Johnson,<br><br>　　　　　Plaintiff<br><br>v.<br><br>General Dynamic Information Technology,<br><br>　　　　　Defendant | Case No. 2:24-cv-02033-CDS-EJY<br><br>Order Overruling Objection and Accepting in Part and Modifying in Part the Magistrate Judge's Report and Recommendation, Denying Plaintiff's Motion to Amend a Second Amended Complaint, Striking Plaintiff's Second and Third Amended Complaints, Denying as Moot Defendant's Motions to Dismiss, Denying as Premature Plaintiff's Motion for Summary Judgment and Motion for Judgment on the Pleadings, and Denying as Moot Plaintiff's Motion to Refuse Early Neutral Evaluation<br><br>[ECF Nos. 14, 24, 25, 30, 47, 53, 57, 58, 60] |

　　　　This is a discrimination action brought by pro se plaintiff Amina Johnson. On April 4, 2025, United States Magistrate Judge Elayna Youchah issued a report and recommendation (R&R) that this court deny Johnson's motion to amend the complaint until after the pending motion to dismiss is resolved. R&R, ECF No. 57. Therein, Judge Youchah finds that the motion to amend fails for two reasons: (1) it fails to comply with Local Rule 15-1(a) which requires that the moving party "attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading," and (2) that even if the motion is construed as a proposed second amended complaint, it fails to comply with Rule 8 of the Federal Rule of Civil Procedure. *See id* at 2.

　　　　On April 11, 2025, Johnson filed an objection to the R&R, arguing that she has a right to amend as a matter of course, that her disability status has been confirmed, that the already-filed third amended complaint resolves any Rule 8 and 15 pleading deficiencies, and finally, that denying the motion to amend until after the court resolves the pending motion to dismiss

prejudices her. *See* Obj., ECF No. 59. General Dynamics filed a response to Johnson's objection, arguing that the magistrate judge's recommendation is appropriate, and further that Johnson inappropriately filed the third amended complaint. Resp., ECF No. 63.

For the reasons set forth herein, I overrule Johnson's objection and accept in part and modify in part the R&R. Further, I strike the second and third amended complaints (ECF Nos. 24, 58), so General Dynamics's motions to dismiss (ECF No. 25, 60) are denied as moot. I grant in part Johnson's motion to amend (ECF No. 53) and give Johnson limited leave to file a second amended complaint, as set forth in this order. Also, because this action is still pending, I extend the deadline for filing an amended pleading, and for the reasons set forth herein, I deny Johnson's motion for judgment on the pleadings (ECF No. 14) and motion for summary judgment (ECF No. 30). Last, I deny Johnson's motion to refuse early neutral evaluation (ENE) (ECF No. 47) as moot.[1]

## I. Discussion

### A. Johnson's objection to the R&R is overruled.

On March 14, 2025, Judge Youchah issued an order and R&R that Johnson's motion to amend (ECF No. 42) be denied, but that she be given limited leave to amend. ECF No. 52. Therein, the magistrate judge determined that Johnson "failed to exhaust her claims of discrimination and retaliation against GDC" (General Dynamics Corporation) because the named respondent in the EEOC charge was "General Dynamics Information Technology" (GDIT). *Id.* at 2–3. Judge Youchah determined that granting leave to amend as to GDC would be futile because "nothing would suggest that any entity other than GDIT was allegedly responsible for the conduct" and "[n]othing before the Court suggests that GDC ever received [notice of the EEOC charge] let alone had an opportunity to respond to the Charge." *Id.*

---

[1] On February 10, 2025, Magistrate Judge Daniel Albregts sua sponte exempted this case from ENE, finding that it would be futile. Min. order, ECF No. 49. As a result, Johnson's motion to refuse early neutral evaluation is moot and denied accordingly.

2

(*comparing* ECF No. 43-2, *with* ECF No. 42 at 4, ¶ 2). However, Judge Youchah also determined that granting Johnson leave to amend her negligence claim against GDC was not futile. *Id.* at 3–4. Rather, she determined that the allegations in the proposed amended complaint fail to state a viable negligence claim, but "assuming she can state a negligence claim against GDC, [Johnson] must also assert a basis for the federal court to exercise jurisdiction over such claims." *Id.* at 4.

Before that R&R could be considered by the district court, Johnson filed a motion to amend the complaint on March 19, 2025.[2] ECF No. 53. On March 31, 2025, Chief Judge Andrew Gordon[3] accepted the March 14, 2025 R&R. Order, ECF No. 54. On April 4, 2025, Judge Youchah issued another R&R recommending that I deny the motion to file a second amended complaint, and further that no amendment be permitted until the motion to dismiss is resolved. *See* R&R, ECF No. 57. A week later, Johnson filed a third amended complaint (ECF No. 58) and an objection to the R&R (ECF No. 59).

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Under the de novo standard, the magistrate judge's findings and recommendations are independently reviewed to determine whether they are clearly erroneous or contrary to law.

After reviewing Judge Youchah's R&R, I find that Johnson's objection does not demonstrate that Judge Youchah's findings and recommendations are clearly erroneous or

---

[2] Johnson did not file any objection or appeal to Judge Youchah's March 14, 2025 order and R&R.
[3] This case was administratively reassigned to me on April 29, 2025. ECF No. 66.

contrary to the law. Johnson's argument that she is permitted to amend her complaint under Rule 15 is misguided. Generally, a party may amend its pleading **once** "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); *see also* LR 15-1(a) ("Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading."). Here, Johnson filed an amended complaint on November 6, 2024. FAC, ECF No. 8. Thus, Johnson has already exercised her right to amend **one time.** Thereafter, on December 6, 2024, and without leave of court, Johnson filed a second amended complaint (ECF No. 24) and then a third amended complaint (ECF No. 58) on April 11, 2025.

The remainder of Johnson's arguments do not demonstrate that Judge Youchah's decision was clearly erroneous or contrary to the law. Rather, Johnson summarily contends that the improperly filed third amended complaint complies with Rule 15 of the Federal Rules of Civil Procedure, and further states that she has received confirmation of disability from the Social Security Administration and that denying amendment until the motion to dismiss is resolved would prejudice her. ECF No. 59 at 1–2. Because I do not find Judge Youchah's recommendations clearly erroneous or contrary to law, Johnson's objection is overruled.[4]

However, considering Rule 15's policy favoring amendments to pleadings that is generally applied with "extreme liberality," the R&R is accepted in part and modified in part. As recommended, Johnson's motion for a second amended complaint (ECF No. 53) is denied. She is, however, granted leave to file a motion to file a second amended complaint (SAC) as set forth

---

[4] Because I am striking these complaints, defendant's motions to dismiss them (ECF Nos. 25, 60) are denied as moot.

in the March 14, 2025 order and R&R.[5] If Johnson elects to file the motion to file a SAC, she is reminded that the motion must include the proposed SAC, in accordance with Local Rule 15-1(a), and it must be filed by June 9, 2025.[6] Further, the proposed SAC must be titled "Second Amended Complaint," must comply with the Federal Rules of Civil Procedure, and must state a cognizable claim for relief against each defendant. The proposed SAC **must be complete in and of itself**, must not refer in any manner to *any* prior complaint,[7] and must include: (1) all claims, and the factual basis in support of all claims, she wishes to assert against GDIT, (2) all claims she seeks to assert against GDC (except for those precluded by this order), and (3) the basis for the Court's exercise of jurisdiction over any claim asserted against GDC.[8] In accordance with the March 31, 2025 order accepting the report and recommendation: Johnson is precluded from reasserting discrimination or retaliation claims against General Dynamics Corporation because she failed to exhaust her administrative remedies. *See* Order, ECF No. 54. If no renewed motion to amend with an attached, proposed second amended complaint is filed by June 9, 2025, this

---

[5] This court extends the deadline to file the motion for leave to file a SAC from April 4, 2025, to June 9, 2025.

[6] The court also sua sponte extends the date to file amended pleadings **only** from May 7, 2025, to June 9, 2025, to permit compliance with this order. *See* Order granting def.'s disc. plan and scheduling order, ECF No. 40 at 2.

[7] Ninth Circuit case law makes clear that a plaintiff may not simply refer to a previous complaint, so amended complaints must include all relevant facts even if they were previously asserted in an earlier complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) ("[T]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect . . . .").

[8] There are two types of federal jurisdiction: (1) federal question and (2) diversity. Federal-question jurisdiction exists in civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction exists when there is "complete diversity among the parties **and** an amount in controversy in excess of $75,000." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018) (citing 28 U.S.C. § 1441(a)) (emphasis added). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction falls to the party invoking the statute. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). Here, the burden of establishing proper federal jurisdiction lies with Johnson.

case will proceed against GDIT based on the current operative complaint, which is docketed at ECF No. 8.

### B. Johnson's motions for judgment on the pleadings and summary judgment are denied without prejudice as premature.

Federal Rule of Civil Procedure 12(c) provides that: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under Rule 12(b)(6)." *Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006), *aff'd*, 277 F. App'x 734 (9th Cir. 2008). As established by this order, the pleadings are not yet closed because Johnson has been given an opportunity to amend the complaint, which requires her establish federal jurisdiction if she elects to bring claims against GDC. Consequently, Johnson's motion for judgment on the pleadings (ECF No. 14) is denied without prejudice as premature.

Further, discovery in this action has only recently commenced. Although Rule 56 of the Federal Rules of Civil Procedure allows a party to file a motion for summary judgment "at any time," that same rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56. "Although [Federal Rule of Civil Procedure 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56, Advisory Comm.'s Notes (2010 Amendments, Note to Subdivision (b)). Indeed, many courts have denied pre-answer and pre-discovery motions for summary judgment as premature despite technical compliance with the timing provisions of Rule 56. *See Williams v. Yuan Chen*, 2011 WL 4354533, at *3 (E.D. Cal. Sept. 16, 2011) (denying plaintiff's summary judgment motion as premature where defendant had not yet filed an answer and the court had not issued a discovery order); *Moore v.*

*Hubbard*, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that plaintiff's motion for summary judgment be denied as premature where "discovery ha[d] not yet begun, defendants ha[d] not yet filed an answer and the court ha[d] yet to issue a discovery and scheduling order"); *Bradford v. Ogbuehi*, 2020 WL 9886194, at *1 (E.D. Cal. Feb. 20, 2020) (denying summary judgment motions as premature even though plaintiff "technically" met the timing requirements, the pleadings in the case were "not yet set"). Thus, Johnson's motion for summary judgment (ECF No. 30) is denied without prejudice as premature.

### C. Johnson is cautioned she must comply with all court orders and rules.

Although Johnson's pro se status requires the court to review her filings and pleadings less stringently than her represented counterparts, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this does not excuse her from following the requirements and rules that a represented party must follow. This includes following court orders, as well as the Federal Rules of Civil Procedure and this district's Local Rules. Indeed, the Ninth Circuit held that "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). In that same case, the Ninth Circuit noted that "[a]lthough we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Id.* at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Accordingly, the court cautions Johnson that she must comply with the rules and orders of this court, to include the Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. As a reminder, Local Rule IA 10-3 sets forth the requirements for the filing of exhibits. Her motions for judicial notice and judicial estoppel fail to comply with that rule. A copy of the Local Rules is available online at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf. Failure to comply with court orders or rules may result in the issuance of sanctions, to include dismissal of this action.

III. Conclusion

IT IS HEREBY ORDERED that Johnson's objection to the April 4, 2025 report and recommendation [ECF No. 59] is OVERRULED, and the R&R [ECF No. 57] is **accepted in part and modified in part**, as set forth in this order.

IT IS FURTHER ORDERED that Johnson's motion for judgment on the pleadings [ECF No. 14] is **DENIED without prejudice as premature**.

IT IS FURTHER ORDERED that the improperly filed second amended complaint and third amended complaint [ECF Nos. 24 and 58] are STRICKEN.

IT IS FURTHER ORDERED that General Dynamics Information Technology's motions to dismiss [ECF Nos. 25, 60] are DENIED as moot.

IT IS FURTHER ORDERED that Johnson's motion for summary judgment [ECF No. 30] is **DENIED without prejudice as premature**.

IT IS FURTHER ORDERED that Johnson's motion to refuse early neutral evaluation [ECF No. 47] is **DENIED as moot**.

IT IS FURTHER ORDERED that Johnson's motion to amend the second amended complaint [ECF No. 53] is DENIED, however Johnson is granted limited leave to amend as set forth below.

IT IS FURTHER ORDERED that Johnson is granted leave to file a motion for leave to file a second amended complaint. If Johnson elects to file the motion for leave to file a SAC, the motion must attach a copy of the proposed SAC in accordance with Local Rule 15-1(a), and it must be filed by **June 9, 2025**. The proposed SAC must comply with the Federal Rules of Civil Procedure, and it must state a cognizable claim for relief against each defendant. The proposed SAC **must be complete in and of itself**, must not refer in any manner to *any* prior complaint, and must include: (1) all claims, and the factual basis in support of all claims, she wishes to assert against GDIT, (2) all claims she seeks to assert against GDC (except for those precluded

by this order), and (3) the basis for the Court's exercise of jurisdiction over any claim asserted against GDC. Johnson is precluded from reasserting discrimination or retaliation claims against GDC because she failed to exhaust her administrative remedies.

Dated: May 19, 2025

_____
Cristina D. Silva
United States District Judge

9