UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Amina Johnson, | Case No. 2:24-cv-02033-CDS-EJY |
| Plaintiff | **Order Striking Third Amended Complaint and Denying Plaintiff's Motion for Default and Default Judgment** |
| v. | |
| General Dynamics Information Technology, | |
| Defendant | [ECF Nos. 87, 92, 96, 98, 103, 104, 107, 109, 110] |

On July 29, 2025, I granted plaintiff Amina Johnson leave to file a second amended complaint. Order, ECF No. 78. I instructed the Clerk of Court to detach and docket Johnson's proposed complaint. *See* Second am. compl., ECF No. 79. Almost one month later, and without leave of court, Johnson filed a third amended complaint. ECF No. 87. Defendant General Dynamics Information Technology ("GDIT") moves to dismiss each version. ECF Nos. 85, 92, 98. Johnson also seeks entry of a clerk's default and default judgment. ECF Nos. 96, 103, 104, 107, 109, 110.[1] Because Johnson filed the third amended complaint without the court providing leave, it is stricken. Further, because entry of default against is not appropriate, Johnson's request for default and motion for default judgment are denied.

I.   Background

Johnson commenced this action against GDIT in the Eighth Judicial District Court, Clark County, Nevada; and GDIT removed it to this court in October 2024. Removal not., ECF No. 1. GDIT moved to dismiss Johnson's complaint. Mot. to dismiss (ECF No. 6); however, Johnson amended her complaint on November 6, 2024 (ECF No. 8). One month later, outside of the time to amend as a matter of right and without leave of court, Johnson filed a second

---

[1] GDIT and General Dynamics filed responses to Johnson's motion for entry of default. ECF Nos. 105, 106. Because default is not appropriate, the motion for default judgment can be resolved without any further opposition, and the requests for default do not require Johnson's reply.

1  amended complaint (ECF No. 24),[2] which GDIT also moved to dismiss (ECF No. 25). In January
2  2025, Johnson sought leave to amend her complaint. ECF No. 42. United States Magistrate
3  Judge Elayna J. Youchah denied that motion but allowed Johnson limited leave to amend. ECF
4  No. 52. Johnson proceeded with a second attempt to amend her operative complaint. ECF No.
5  53. Judge Youchah reviewed that motion and recommended that it be denied. R&R, ECF No. 57.
6  A week later, Johnson filed a third amended complaint (ECF No. 58) and an objection to the
7  report and recommendation ("R&R") (ECF No. 59). In resolving Johnson's objection to the
8  R&R, Johnson's improperly filed second amended complaint (ECF No. 24), and third amended
9  complaint (ECF No. 58) were stricken. However, Johnson was granted limited leave to amend.
10 Order, ECF No. 67 at 8. Johnson timely filed a renewed motion for leave to file a second amended
11 complaint (ECF No. 68), which was granted in part (ECF No. 78), so her second amended
12 complaint was docketed (ECF No. 79). Sixteen days later, Johnson filed, without leave of court,
13 a third amended complaint.[3] ECF No. 87. Johnson now requests that the clerk enter default
14 against GDIT, Scott Mahoney, and General Dynamics for their failure to file a responsive
15 pleading to her third amended complaint. Mots., ECF Nos. 96, 103, 104. She also seeks to issue a
16 default judgment against Scott Mahoney, General Dynamics, and GDIT. ECF Nos. 107, 109, 110.

## II. Discussion

Johnson contends that she is entitled to default because GDIT, Scott Mahoney, and General Dynamics failed to plead or otherwise respond to the third amended complaint. ECF Nos. 96, 103, 104. GDIT and General Dynamics oppose the motions, arguing that the third amended complaint is not operative, and furthermore, General Dynamics is not a party to the operative pleading. Resp., ECF Nos. 105, 106. Johnson's arguments fail as a matter of law.

---

[2] This second amended complaint was subsequently stricken. Order, ECF No. 67.
[3] Additionally, Johnson added a new individual defendant—Scott Mahoney, GDIT's counsel of record—along with the Equal Employment Opportunity Commission, and General Dynamics. ECF No. 87.

Federal Rule of Civil Procedure 15 permits a plaintiff to file an amended complaint, as a matter of course, twenty-one days from the date of service. Fed. R. Civ. P. 15(a)(1)(A). The rule further provides amendment "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). After these time frames expire, amendment is no longer available as an entitlement, so a plaintiff may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). As evidenced by the record, Johnson did not obtain consent to amend her pleading from GDIT prior to its filing; nor did Johnson obtain leave to amend from the court prior to its filing.

"An amended complaint that is improperly filed without leave of court or consent of the opposing party does not supersede the original." *Hard Drive Prods. v. Doe*, 2012 U.S. Dist. LEXIS 130351, *9 (N.D. Cal. Sep. 13, 2012) (citing *Taa v. Chase Home Fin., LLC*, 2012 U.S. Dist. LEXIS 18972 (N.D. Cal. Feb. 15, 2012)); *see also United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("The failure to obtain leave results in an amended complaint having no legal effect."). Because the third amended pleading is without legal effect, the entry of default and default judgment are inappropriate.[4]

### III.     Conclusion

IT IS HEREBY ORDERED that Johnson's improperly filed third amended complaint **[ECF No. 87] is STRICKEN**, therefore General Dynamics, the Equal Employment Opportunity Commission, and Scott M. Mahoney are terminated from this action. Johnson's approved second amended complaint (ECF No. 79) is the operative complaint.

IT IS FURTHER ORDERED that GDIT's motions to dismiss the third amended complaint **[ECF No. 92, 98] are DENIED as moot**.

---

[4] Future motions for default or default judgment against defendants in a non-operative complaint will be stricken.

IT IS FURTHER ORDERED that Johnson's request for entry of clerk's default [ECF Nos. 96, 103, 104] and motions for default judgment [ECF No. 107, 109, 110] are DENIED.

GDIT's motion to dismiss the second amended complaint (ECF No. 85) is fully briefed and will be considered in due course.

Dated: October 1, 2025

_____
Cristina D. Silva
United States District Judge