UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AMINA JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GENERAL DYNAMICS INFORMATION TECHNOLOGY,<br><br>　　　　Defendant. | Case No. 2:24-cv-02033-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Extend Scheduling Order Deadlines (ECF No. 114). The Court reviewed the Motion, Plaintiff's Opposition (ECF No. 115), and Defendant's Reply (ECF No. 117). The Court finds as follows.

Defendant seeks to move the fact discovery cut off date from October 30, 2025 (*see* ECF Nos. 71, 74) to December 19, 2025. Defendant also seeks to move the due dates for dispositive motions and the proposed joint pretrial order. Defendant explains that his spouse is undergoing surgery on two occasions during the month of October and this, as well as child care, will limit his availability. Plaintiff responds and appears to argue that pending matters with which she disagrees should prevent discovery in this case from proceeding at all. Much of what Plaintiff contends is nonsensical. For example, Plaintiff contends "[t]he Scheduling Order cannot be extended without a responsive pleading." Plaintiff also focuses on her Third Amended Complaint. However, the Court struck Plaintiff's Third Amended Complaint, stated Plaintiff's Second Amended Complaint was the operative Complaint, and explained the Court would rule on the Motion to Dismiss the Second Amended Complaint in due course. ECF No. 111. Thus, there is no Third Amended Complaint pending and Defendant's Motion to Dismiss responds to Plaintiff's Second Amended Complaint.

Further, Defendant's potentially dispositive motion does not stay discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (a

pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery.").

Plaintiff argues no Rule 26(f) conference has occurred. On January 18, 2025, the Court entered an Order regarding then-pending and competing proposed discovery plans and scheduling orders (ECF Nos. 38, 40). ECF No. 41. The Court found Plaintiff's proposed plan did not comply with Local Rule 26-1 and adopted Defendant's proposed discovery plan submitted at ECF No. 40. *Id*. Discovery in this matter commenced ten months ago and is ongoing.

Finally, the Court entered an Order on July 17, 2025 extending the discovery period to October 30, 2025. ECF No. 74. At that time, the Court stated no further extensions of discovery would be granted. *Id*. The Court finds the present circumstances (two surgeries in one month) unforeseen and extraordinary. Thus, the Court grants relief from its prior Order. However, the parties are advises that **no further extensions of discovery will be granted**.

### III.  Order

IT IS HEREBY ORDERED that Defendant's Motion to Extend Scheduling Order Deadlines (ECF No. 114) is GRANTED.

IT IS FURTHER ORDERED that the fact discovery period **will close** on **December 19, 2025**. No further extensions of discovery will be granted.

IT IS FURTHER ORDERED that the last day to file dispositive motions is **January 20, 2026**.

IT IS FURTHER ORDERED that the proposed joint pretrial order is due thirty (30) days after the Court rules on dispositive motions, if any. If no dispositive motions are filed, the proposed joint pretrial order is due **February 19, 2026**.

Dated this 15th day of October, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2