UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMINA JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GENERAL DYNAMICS INFORMATION TECHNOLOGY,<br><br>　　　　Defendant. | Case No. 2:24-cv-02033-APG-EJY<br><br>**ORDER** |

　　　　Pending before the Court is Defendant's Motion to Compel Discovery Responses and for Attorney's Fees. ECF No. 121. The Court reviewed the Motion and Plaintiff's Limited Response and Request for Procedural Enforcement Opposition. ECF Nos. 122, 123.

　　　　Defendant establishes that it timely served interrogatories and document requests on Plaintiff in September 2025 to which no responses have been provided. ECF No. 121 at 2. Defendant attempted to meet and confer with Plaintiff; however, Plaintiff reiterates her contention that she has no obligation to respond to discovery because "[t]he Court must first compel Defendant to answer the … [Third Amended Complaint] as required under FRCP 12(a)(4)(A)." ECF No. 122 at 1.

　　　　On October 15, 2025, the Court entered an Order explaining to Plaintiff that the Court struck her Third Amended Complaint; thus, there is no Third Amended Complaint to which Defendant must respond. ECF No. 118 at 1. The Court further explained to Plaintiff that Defendant's Motion to Dismiss is a responsive pleading to her Second Amended Complaint. *Id*. To ensure Plaintiff understood there is nothing that prevents her from engaging in discovery, the Court cited case law demonstrating that the pendency of dispositive motion does not stay discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (a pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery."). *Id*. at 1-2.

Plaintiff's Limited Response and Request for Procedural Enforcement (ECF No. 122) states she suffers from "brain fog," but that she intends to follow the law. *Id*. at 1. Plaintiff further says that "[u]ntil the information is fully processed—and aligned with the rule of law—[she] may appear resistant, when in truth she is exercising discernment [sic] rooted in constitutional integrity and spiritual clarity." *Id*. at 1-2. Plaintiff says that "[u]pon procedural compliance" she will engage in "discovery or file a dispositive motion." *Id*. at 2. It is unclear what procedural compliance Plaintiff seeks that the Court has not already addressed.

The responses to Defendant's written discovery were due on or about October 27, 2025. As of the date of this Order, Plaintiff has had three additional weeks to put together her responses, but she has not done so. Discovery in this matter closes on December 19, 2025. The Court finds Plaintiff must respond to Defendant's discovery request or face sanctions. The Court further finds that to the extent Defendant seeks attorney's fees, it is unclear whether Plaintiff has the capacity to comply with such an order. The Court is loathed to enter an order that it knows or has reason to believe cannot be fulfilled.

### III.    Order

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Compel Discovery Responses and for Attorney's Fees (ECF No. 121) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff is compelled by the Court to respond to Defendant's interrogatories and document requests **no later than December 5, 2025**.

IT IS FURTHER ORDERED that Plaintiff's failure to respond to Defendant's interrogatories and document requests on or before December 5, 2025 will result in sanctions that may preclude her from introducing any documents or oral evidence that would be responsive to these requests.

IT IS FURTHER ORDERED that Defendant's request for attorney's fees is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Request for Procedural Enforcement (ECF No. 123) is DENIED.

Dated this 19th day of November, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE