UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AMINA JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GENERAL DYNAMICS INFORMATION TECHNOLOGY,<br><br>　　　　Defendant. | Case No. 2:24-cv-02033-CDS-EJY<br><br>**ORDER** |

　　　　Pending before the Court is Defendant's Motion for Sanctions based on Plaintiff's Failure to Attend her Deposition. ECF No. 128. The Court reviewed the Motion, Plaintiff's Limited Response (ECF No. 129), and Defendant's Reply (ECF No. 133).

　　　　On October 1, 2025 the Court struck Plaintiff's improperly filed Third Amended Complaint. ECF No. 111. The Court further stated it would rule on the Motion to Dismiss the Second Amended Complaint (the operative complaint) in due course. *Id*. In addition, on October 15, 2025 the Court granted Defendant's Motion to Extend Scheduling Order Deadlines. ECF No. 118. The October 15th Order explained the open and ongoing nature of discovery despite the pending motion to dismiss. *Id*.

　　　　On November 7, 2025, Defendant filed a Motion to Compel Discovery Responses based on Plaintiff's failure to respond to interrogatories and requests for production. ECF No. 121. In response, Plaintiff continued to argue there was no responsive pleading to the Third Amended Complaint (ECF No. 122), appearing to ignore the Court's earlier ruling and explanation. The Court granted Defendant's Motion to Compel in part, finding Plaintiff must respond to discovery requests or face sanctions. ECF No. 124. Once again, the Court explained there is no Third Amended Complaint to which Defendant must response, and the outstanding Motion to Dismiss did not preclude discovery. *Id*.

　　　　The pending Motion comes before the Court because Plaintiff did not attend her noticed deposition. On November 3, 2025, Plaintiff was served with a Second Amended Notice of

1

Deposition, setting the deposition for November 21, 2025 at 9:00 a.m. ECF No. 128 at 2. Defendant submits an email it received from Plaintiff on the eve of the scheduled deposition stating Plaintiff would not attend because "the Court's order compelling deposition prior to joined pleadings and written discovery is unconstitutional and procedurally improper under the Federal Rules of Civil Procedure." ECF No. 128-2 at 9-10. Defendant responded the deposition would proceed as noticed, but Plaintiff did not appear for her deposition. *Id*. at 9, 15. Based on Plaintiff's nonappearance, Defendant asks the Court to either dismiss the case or compel Plaintiff to attend her deposition. ECF No. 128 at 3.

Plaintiff's Limited Response[1] reprises arguments rejected by the Court. Once again, Plaintiff contends there has been no responsive pleading to either the Second or Third Amended Complaints. ECF No. 129. As the Court has made clear, Plaintiff's Third Amended Complaint was stricken on October 1, 2025—hence, there is no Third Amended Complaint to which a response is required. ECF No. 111. Regarding the Second Amended Complaint, Defendant filed a Motion to Dismiss on August 13, 2025 (ECF No. 85), which remains pending (ECF No. 111). The Court has explained to Plaintiff that discovery is open and ongoing. ECF No. 118.

Plaintiff contends a Motion to Dismiss is not a "responsive pleading," citing *Schreiber Diustrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399 (9th Cir. 1986). *Schreiber*, and subsequent cases, stand for the proposition that a Motion to Dismiss is not a responsive pleading for purposes of Fed. R. Civ. Pro. 15(a). 806 F.2d at 1415; *see also Shaver v. Operating Eng'rs Loc. 428 Pension Tr. Fund*, 332 F.3d 1198, 1201 (9th Cir. 2003). However, as the Court's citations to *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011) makes clear, a motion to dismiss does not automatically stay discovery. *Id*. at 600-01. While the Motion to Dismiss remains before the Court, discovery in this matter is ongoing. ECF No. 118.

Plaintiff must sit for her deposition. Plaintiff brought this case and cannot now refuse to participate in discovery because she disagrees with (has filed objections to) certain Orders in the absence of a stay of discovery. "It is well-established law that the filing of an objection to a magistrate judge's order on a non-dispositive motion does not automatically stay that order's

---

[1] The Court denied Plaintiff's duplicate filing titled as a Motion for Procedural Enforcement. ECF No. 131.

2

operation." *Castelan-Gutierrez v. Bodega Latina Corp.*, Case No. 2:17-cv-01877-JAD-NJK, 2018 WL 4050493, at *1 (D. Nev. Mar. 30, 2018); *accord Ignite Spirits, Inc. v. Consulting by AR, LLC*, Case No. 2:21-cv-01590-JCM-EJY, 2022 WL 4112222, at *2 (D. Nev. Aug. 22, 2022). At the risk of redundancy, the Court explains again that "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay*, 278 F.R.D. at 601.

Plaintiff is provided one final chance to attend her deposition. Failure to attend a duly noticed deposition and cooperate in the discovery process will result in the Court entering an Order to Show Cause for why Plaintiff's Operative Complaint should not be dismissed.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Sanctions for Plaintiff's Failure to Attend her Deposition (ECF No. 128) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that discovery remains open for the sole purpose of allowing Defendant to take Plaintiff's deposition. No written discovery may be propounded and no depositions may be set other than Plaintiff's deposition.

IT IS FURTHER ORDERED that Defendant must set Plaintiff's deposition for a date no later than **January 31, 2025**. The deposition will commence at 9 a.m. and end no later than 5 p.m. with one 10 minute break between 9 and 11 a.m., a 30 minute break sometime between 12 noon and 1 p.m., and a second 10 minute break between 2 and 4 p.m.

IT IS FURTHER ORDERED that the dispositive motion deadline is reset for **March 3, 2025**.

IT IS FURTHER ORDERED that the due date for the proposed joint pretrial order is **April 3, 2025**; provided, however, that if one or more dispositive motion is pending on that date the due date for the proposed joint pretrial order is automatically advanced to 30 days after the Court issues its ruling on such motion or motions.

Dated this 18 day of December, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE