UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Amina Johnson | Case No. 2:24-cv-02033-CDS-EJY |
| Plaintiff | Omnibus Order Granting Motion to Dismiss Second Amended Complaint, Denying Motion for Reconsideration, and Denying as Moot the Motion for a Judgment on the Pleadings, the Motion to Extend Time, and the Motion for a Show-Cause Order |
| v. | |
| General Dynamics Information Technology, | |
| Defendant | |
| | [ECF No. 85, 113, 132, 134, 144, 145] |

Plaintiff Amina Johnson brings this employment discrimination case against defendant General Dynamics Information Technology (GDIT). Pending before the court are five motions: (1) GDIT's motion to dismiss the second amended complaint, ECF No. 87; (2) Johnson's motion for reconsideration, ECF No. 113; (3) Johnson's motion for judgment on the pleadings, ECF No. 134; (4) GDIT's motion for sanctions, ECF No. 132; (5) GDIT's motion to extend the deadline to file a summary judgment motion, ECF No. 144; and (6) GDIT's motion for an order to show cause, ECF No. 145. For the reasons set forth herein, the motion to dismiss is granted, the motion for reconsideration is denied, and the remaining motions are denied as moot.

I.      Background

General Dynamics hired Johnson as an at-will employee to do IT work as part of a U.S. Army Corps of Engineers government contract. ECF No. 79 at 2; 79-1 at 13–14. Around September 2022, Johnson was approved to conduct the work remotely after contracting COVID. 79 at 2. Johnson later filed an EEOC complaint in Virginia. *Id.* at 3. That complaint was later transferred to Las Vegas, Nevada, in December 2022. *Id.*

In January 2023, Johnson's employment was terminated. *Id.* at 8. On June 26, 2024, the EEOC issued a notice and determination of rights to Johnson that dismissed her charge and notified her of her right to file suit within 90 days. ECF No. 79-1 at 7. Johnson proceeded to file suits against GDIT, among other defendants, in various Nevada state courts. *See Johnson v. Gen. Dynamics Info. Tech.*, 569 P.3d 645 (Nev. App. 2025) (discussing Case Nos. A-23-882230-J, A-24-886410-C, and A-24-888191-C). The state suits assert claims for conspiracy, false statements, intentional fraud, negligence, retaliation, and discrimination. *Id.*

Most of the suits filed in state court were dismissed due to issue preclusion and failure to state a claim upon which relief could be granted. *Johnson*, 569 P.3d at 1; *Johnson v. Gen. Dynamics Info. Tech.*, 2024 WL 5437218 (Nev. Dist. Ct. Aug. 13, 2024). But one case, Case No. A-24-902897-C, was removed to federal court by GDIT on October 30, 2024. *See* ECF No. 1; ECF No. 1-1. The allegations and claims in the now-federal case are similar to those litigated by Johnson in state court. *See generally* ECF No. 79; *Johnson*, 569 P.3d 645.

In the second amended complaint filed with this court, the only named defendant is GDIT. *See* ECF No. 79. The court construes the second amended complaint as asserting the following claims: (1) disability discrimination and retaliation in violation of the Americans with Disabilities Act; (2) intentional infliction of emotional distress; and (3) fraudulent misrepresentation; (4) negligence; and (5) breach of fiduciary duty. *See id.* at 11–24.

**II.     The motion for reconsideration is denied.**

Johnson moves for reconsideration of this court's order striking the third amended complaint. *See* ECF No. 113. But because she fails to present new evidence, an erroneous error, or an intervening change in controlling authority demonstrating reconsideration is warranted, I decline to grant such relief.

**A.  Legal standard**

Under Federal Rule of Civil Procedure 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly

discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1(a) (noting that "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood"). "A Rule 59(e) motion 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier.'" *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

### B. Discussion

The motion for reconsideration is denied because Johnson has not set forth newly discovered evidence, shown that the court committed clear error, or pointed to an intervening change in the controlling law. As explained in my prior order, because the time to file an amended complaint as a matter of course had expired, Johnson could only file a third amended complaint with leave of court or with the opposing party's consent. *See* Order, ECF No. 111 at 3; Fed. R. Civ. P. 15(a); Local Rule 15-1. The minute order granting leave to amend only applied to the second amended complaint (ECF No. 79), not the third (ECF No. 87). Thus, the third amended complaint had no operative effect and was properly stricken. Johnson presents no evidence or controlling law to the contrary, so the motion for reconsideration is denied.

### III. The motion to dismiss is granted.

Johnson contends that the motion to dismiss is procedurally moot because the third amended complaint is the operative complaint which supersedes all prior complaints. ECF No. 88 at 2. This argument fails because the third amended complaint was filed without leave of court and has since been stricken. *See* ECF No. 87. Further, for the reasons set forth below, I dismiss all of Johnson's claims with prejudice, and the multiple opportunities to amend her complaint in order to state a claim upon which relief can be granted have proven futile.

## A. Legal Standard

The Federal Rules of Civil Procedure (FRCP) requires the complaint to include "a short and plain statement of the claim" showing that the plaintiff "is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must give fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under this standard, neither legal conclusions couched as factual allegations nor a "formulaic recitation of a cause of action's elements will do." *Id.* Rather, the factual allegations must be sufficient to "raise a right to relief above the speculative level" when accepted as true. *Id.* at 556. A complaint that meets this pleading threshold "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" or that "recovery is very remote and unlikely." *Id.*

A complaint that fails to state a claim upon which relief can be granted may be dismissed under Rule 12(b)(6) of the FRCP. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court dismisses a complaint for failure to state a claim, then it should also allow leave to amend unless an amendment clearly cannot cure the complaint's deficiencies. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Rule 15(a) instructs the court to "freely" give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). Reasons to not grant leave to amend include the leave's "undue delay," the movant's "bad faith or dilatory motive," the previous amendments' "repeated failure to cure deficiencies," the opposing party's undue prejudice "by virtue of allowance of the amendment," and the amendment's "futility." *Forman v. Davis*, 371 U.S. 178, 183 (1962).

**B. Discussion**

Johnson's claims are dismissed with prejudice pursuant to Rule 12(b)(6) for the following reasons.

### 1. *The ADA claims are untimely and fail to state a claim for relief.*

Johnson brings claims for employment discrimination and retaliation under the ADA. The defendants move to dismiss these claims, arguing that they are barred by the statute of limitations. ECF No. 85 at 2. The injury of disability discrimination occurs when the plaintiff becomes "aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136–37 (9th Cir. 2002). If the discriminatory conditions continue and the plaintiff is aware of them and remains deterred, then the ADA injury continues. *Id.*

Because the ADA was enacted before December 1, 1990, and has no statute of limitations, the court applies the most appropriate or analogous state statute of limitations. *See Pickern*, 293 F.3d at 1136 n.2; *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004). Under Nevada law, a plaintiff may bring an employment discrimination suit within "not later than 90 days after the date of receipt of the right-to-sue notice." Nev. Rev. Stat. § 613.412.

Here, Johnson received the right-to-sue letter on June 28, 2024. *See* Pl.'s Ex. B, ECF No. 79-2. But she did not file suit until October 1, 2024, which exceeds the 90-day window. *See* ECF No. 1.[1] Johnson alleges that the 90-day window did not begin until July 3rd. ECF No. 79 at 26. But that allegation is contrary to the evidence she submits, even when construed in the light most favorable to her. *See* ECF No. 79-2 (showing that Johnson downloaded the right-to-sue notice on June 28, 2024); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (explaining that when ruling on a Rule 12(b)(6) motion, the "court need not accept as true . . .

---

[1] Johnson argues that "the deadline should run from the date she received and opened the letter, as stated in the RTS notice—July 3rd—not June 29th." ECF No. 79 at 26. But this argument plainly runs contrary to law, *see* Nev. Rev. Stat. § 613.412, as well as the record showing she downloaded the letter June 28, 2024, ECF No. 79-2.

allegations that contradict matters properly subject to judicial notice or by exhibit."). Because Johnson failed to file suit within 90 days of receiving the letter, the statute of limitations bars her ADA claims.

Even if Johnson did file suit within the 90-day window, her second amended complaint would still be dismissed for failure to state a claim. Johnson asks this court to read between the lines and find a discrimination and retaliation claim because Johnson's employment was terminated after she filed an EEOC complaint. But this is nothing more than speculation, which is insufficient to survive a Rule 12(b)(6) motion to dismiss. I therefore dismiss claims one and two—that is, the discrimination and retaliation claims—with prejudice.

### 2. *The intentional infliction of emotional distress claim fails to state a claim for relief.*

To establish a claim for intentional infliction of emotional distress (IIED), the plaintiff must show three elements: "(1) extreme and outrageous conduct on the part of the defendant; (2) intent to cause emotional distress or reckless disregard for causing emotional distress; (3) that the plaintiff actually suffered extreme or severe emotional distress; and (4) causation." *Miller v. Jones*, 970 P.2d 571, 577 (Nev. 1998).

Here, Johnson alleges that GDIT committed the tort of IIED by intentionally omitting pages of critical and material evidence "demonstrating a pattern of discrimination, retaliation, fraud, and misrepresentation of facts in Nevada courts to evade accountability." ECF No. 79 at 15. This omission, Johnson argues, has forced her to "relive the trauma of injustice." *Id.* at 16. Missing from Johnson's second amended complaint are allegations of extreme or outrageous conduct. Indeed, "[l]iability is only found in extreme cases where the actions of the defendant go beyond all possible bounds of decency, is atrocious and utterly intolerable." *Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993) (citing Restatement (Second) of Torts § 46, cmt. D (1965)); *see also id.* ("Discriminatory employment practices are wrong and federal law makes such conduct unlawful and provides for relief; however, the tort of intentional infliction of emotional

6

distress is not intended to reach every discrimination claim."). Even accepting Johnson's allegations that GDIT engaged in a pattern of discrimination, retaliation, fraud, and misrepresentation of fact, that does not rise to the level of atrocious or utterly intolerable behavior.

Further, Johnson fails to allege severe emotional distress suffered. Rather, she merely asserts conclusory statements about having suffered trauma due to the injustice. This is insufficient for an IIED claim. *See id.* ("[T]he less extreme the outrage (as in this case) the more appropriate it is to require evidence of physical injury or illness from the emotional distress."); *see also Evans v. Hawes*, 718 F. Supp. 3d 1351, 1373 (D. Nev. 2024) ("General physical or emotional discomfort is insufficient to demonstrate severe emotional distress—a plaintiff must allege such 'serious emotional distress' that it 'results in physical symptoms.'"). Because Johnson fails to sufficiently plead the elements of her IIED claim, I dismiss it pursuant to Rule 12(b)(6).

### 3. Johnson's fraudulent misrepresentation claim fails to state a claim for relief.

A plaintiff asserting a fraudulent misrepresentation claim bears the burden of proving four elements by clear and convincing evidence: "(1) A false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998). The element of "[i]ntent must be specifically alleged." *Jordan v. State ex rel. DMV & Pub. Safety*, 110 P.3d 30, 51 (Nev. 2005), *abrogated on other grounds by Buzz Stew, LLC v. City of North Las Vegas*, 181 P.3d 670 (Nev. 2008).

Here, Johnson fails to sufficiently allege all four elements. Instead, she alleges that GDIT "knowingly concealed or misrepresented material facts, including omitting 163 pages of evidence and its own judicial admissions, with intent to mislead the court, undermine Johnson's legal claims, and manipulate facts to evade accountability." ECF No. 79 at 17–18. But such allegations

are nothing more than conclusory statements. And any allegations as to GDIT's intent to fraudulently induce Johnson to act lack the specificity required under Nevada law. *See Jordan*, 110 P.3d at 51. Therefore, Johnson's claim for fraudulent inducement is dismissed pursuant to Rule 12(b)(6).

### 4. *Johnson's negligence claim fails to state a claim for relief.*

As the basis of her negligence claim, Johnson alleges that GDIT "failed to exercise reasonable care in handling Johnson's protected activities, disability accommodations, and legal claims, resulting in significant harm." ECF No. 79 at 20. She further alleges that this caused her to suffer "emotional distress, financial loss, and undue barriers in asserting her rights under both federal and state laws." *Id.*

Here, Johnson fails to sufficiently allege that GDIT owed her a duty or that any duty was breached. The second amended complaint states that Johnson was employed by General Dynamics, not GDIT. ECF No. 79 at 2. Though GDIT is "a business entity operating under [General Dynamics]," this does not make GDIT Johnson's employer. *Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, 21 F.4th 631, 636 (9th Cir. 2021) ("Courts adhere to the fundamental principle that corporations, including parent companies and their subsidiaries, are treated as distinct entities.").

Further, even if GDIT was Johnson's employer, the second amended complaint fails to adequately allege breach. This is because employers are generally free to terminate an at-will employee (such as Johnson) without cause. *See Ozawa v. Vision Airlines, Inc.*, 216 P.3d 788, 791 (Nev. 2009); *see also* Agreement, Pl.'s Ex. 2, ECF No. 79-4 at 15 (at-will employment provision). Thus, Johnson's argument that GDIT breached its duty of reasonable care by way of General Dynamics terminating her employment fails. *See* ECF No. 79 at 4. Her negligence claim is therefore dismissed with prejudice pursuant to Rule 12(b)(6).

### 5. *Johnson's claim for breach of fiduciary duty fails to state a claim for relief.*

In Nevada, a claim for breach of fiduciary duty has three elements: (1) existence of a fiduciary duty; (2) breach of the duty; and (3) the breach proximately caused the damages. *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1245 (D. Nev. 2008). A "corporate officer or director stands as a fiduciary to the corporation." *Leavitt v. Leisure Sports Inc.*, 103 Nev. 81, 734 P.2d 1221, 1224 (Nev. 1987). For the same reasons that Johnson's negligence claim fails, so too does her breach of fiduciary duty claim. That is, Johnson fails to allege what fiduciary duty GDIT owed or how that duty, if any, was breached. Instead, Johnson alleges that GDIT "breached its fiduciary duty by failing to act in Johnson's best interests" and shifting the blame onto her. ECF No. 79 at 23. Nevada law does not impose a duty on employers to act in the "best interest" of their employees, and there are no allegations that Johnson was a corporate officer or director, so she was not a fiduciary. And even if Nevada does impose duty to serve one's "best interest"—or, as I construe Johnson's allegations, a duty of loyalty—this claim would still fail for two reasons: (1) GDIT was not Johnson's employer; and (2) it is employees, *not employers*, who owe a duty of loyalty. *See New England Life Ins. Co. v. Lee*, 2015 WL 1413391, at *6 (D. Nev. Mar. 27, 2015); *Metlife Bank, N.A. v. Evergreen Moneysource Mortg. Co.*, 2010 WL 2541729, at *2 (D. Nev. June 17, 2010). Thus, her claim for breach of fiduciary duty is dismissed pursuant to Rule 12(b)(6).

## IV.    The remaining motions are denied as moot.

Because the motion to dismiss disposes of all of Johnson's claims, the other pending motions (ECF Nos. 132, 134, 144, 145) are dismissed as moot.

## V.    Conclusion

IT IS HEREBY ORDERED that GDIT's motion to dismiss **[ECF No. 87] is granted**, and Johnson's claims are dismissed with prejudice.

IT IS FURTHER ORDERED that Johnson's motion for reconsideration **[ECF No. 113] is denied.**

IT IS FURTHER ORDERED that the following motions are **denied as moot:** GDIT's motion for sanctions **[ECF No. 132]**; Johnson's motion for judgment on the pleadings **[ECF No. 134]**; GDIT's motion to extend the deadline to file a summary judgment motion **[ECF No. 144]**; and GDIT's motion for an order to show cause **[ECF No. 145]**.

The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case. No additional documents may be filed in this now-closed case.[2]

Dated: February 19, 2026

_____
Cristina D. Silva
United States District Judge

---

[2] Should Johnson make any more filings, she must use a more legible font with standard character spacing that complies with Local Rule IA 10-1.